**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| **CHASSIDY A. AYALA**, an individual,<br><br>Plaintiff, | Case No. 8:16-CV-_____ |
| v. | |
| **PAYPAL, INC.,** a Delaware corporation<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.   Chassidy A. Ayala ("Ms. Ayala") is and has been employed at PayPal, Inc. ("PayPal") since October 9, 2009. She applied internally at PayPal for a position as a Dispute Resolution Specialist. She was awarded the position and started in her new position in January 2011.

2.   When she was promoted to her current position as a Dispute Resolution Specialist, Ms. Ayala informed her new supervisor, Emily Heldridge, that she has a disability. Ms. Ayala identified her disability as attention deficit hyperactivity disorder ("ADHD"). Ms. Ayala also disclosed that she is treated monthly for her ADHD and regularly takes medication to treat her disability. Ms. Ayala is treated by Dr. Brian Lubbersted, who practices in Omaha, NE, and she sees him monthly.

3.   Ms. Ayala's supervisor spoke to Ms. Ayala in a disparaging and condescending manner. Heldridge hyper-monitored Ms. Ayala, which made her condition worse. Heldridge had knowledge of Ms. Ayala's specific disability, but regularly treated Ms. Ayala in a stressful, condescending, and disdainful manner.

4.   Heldridge's treatment forced Ms. Ayala to bring her employment concerns to PayPal's Human Resources ("HR") Representative. HR told Ms. Ayala she should simply assume her supervisor did not like her and that she should not let that bother her.

5.   Thereafter, Ms. Ayala was so distraught after being disciplined by her supervisor that Ms. Ayala felt compelled to take a leave of absence to seek outpatient medical care. When Ms. Ayala returned to PayPal, however, Heldridge resumed her disparaging treatment of Ms.

Ayala. Ms. Ayala again reported the discriminatory treatment to PayPal's HR Department but PayPal took no action to correct the discriminatory treatment of Ms. Ayala by Heldridge.

6. PayPal's treatment of Ms. Ayala violated federal and state laws prohibiting discrimination based on disability and retaliation.[1]

## PARTIES

7. Chassidy L. Ayala is a female who is disabled. She resides in Papillion, Nebraska.

8. PayPal is a Delaware corporation doing business in the State of Nebraska. PayPal is located at 12312 Port Grace Boulevard, La Vista, Nebraska 68128. According to the PayPal Code of Conduct:

> We are committed to treating each other in a fair, respectful and honest manner in all interactions in the workplace. Good communication is a key to successful teamwork. We owe it to each other to be respectful and professional, even when we disagree. Our diversity of people and ideas is what makes us great.
>
> We pride ourselves in having a diverse workplace where each employee is expected to treat others with dignity, courtesy and respect.
>
> At PayPal, we practice good judgment by making decisions that are right for our Company, our communities and each other. We begin by hiring, promoting and compensating employees based on their ability to perform the job, without regard to age, race, color, national origin, physical or mental disability, gender, religion, sexual orientation, gender identity, gender expression, marital or veteran status, condition of pregnancy, genetic information, or any other legally protected characteristic. We do not tolerate employment discrimination in the workplace.

PayPal_CodeOfConduct_external_0716115.pdf

---

[1] Nebraska Fair Employment Practice Act; §§ 48-1104 and 48-1114(1); Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; Nebraska Disabilities, Neb. Rev. Stat. §48-1101 et seq.;Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000e-2, et seq.

> We strive to create a work environment free of discrimination and harassment. We don't tolerate bullying, abuse or any behavior that interferes with someone's work or that creates a hostile work environment. No matter what form harassment takes – whether physical, sexual, verbal or non-verbal, in person, via email, over the phone or on the Internet – it is unacceptable.
>
> We all have a responsibility to know what harassment is so we can report it promptly when we see it. Harassment is offensive conduct that interferes with an employee's ability to work. Harassment can involve sexual conduct

http://files.shareholder.com/downloads/AMDA-4BS3R8/1208917987x0x839824/C4158A35-7C10-42D5-A68E-EEEB313A5072/PayPal_CodeOfConduct_external_0716115.pdf

> PayPal investigates all reports of harassment and keeps these reports as confidential as possible.

*Id.*

## JURISDICTION & VENUE

9. This matter arises under federal and state law. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 based on Ms. Ayala's federal claims set forth in this Complaint. This Court has supplemental jurisdiction of her related Nebraska state law claims. *See* 28 U.S.C. §1367.

10. Venue is proper in this District pursuant to 28 U.S.C. §1381(b)(2), because the acts complained of here were orchestrated from, planned in and conducted in this District.

## FACTS

11. **The Story Begins.** Ms. Ayala began working for PayPal in October 2006 as a Customer Service Representative. Ms. Ayala was promoted twice during the period after her hire until March 2009. Ms. Ayala applied for and was then promoted in January 2011, to her current position as a Dispute Resolution Specialist. In her position, Ms. Ayala is responsible for supporting credit card companies in processing credit charge backs and handling internal escalations.

12. **Ms. Ayala Suffers Harassment & Retaliation.** Ms. Ayala's work habits were exemplary during her tenure at PayPal, as evidenced by her merit increases in salary and the kudos she has received from customers and co-workers. She has received at least two (2) merit increases in her compensation, the first in March 2011 at a rate of 5% and a second in April 2013

at a rate of 3%. PayPal consistently evaluates Ms. Ayala's performance as "meets" expectations or "exceeds some" expectations.

13. Despite her performance and kudos from customers and co-workers, Heldridge's personal actions toward Ms. Ayala are demeaning and condescending. Heldridge chastises Ms. Ayala for taking too much time reading emails. Heldridge has asked Ms. Ayala,

- "What takes you so long to read your emails? I get a lot more emails than you and it doesn't take me as long as it takes you."
- "How can you not understand this?"
- "If you ask me what you can improve on, I'd say everything. You're supposed to be a specialist and you barely perform like a regular teammate."
- "I don't get it. Do you just make stuff up?"
- "You are the lowest person on the team."
- "This is your reputation, aren't you worried about your reputation?"

14. When confronted with these dismissive and condescending statements, Ms. Ayala reminded Heldridge that her ADHD disability makes it difficult to concentrate and requires additional time for understand and focus on new matters. Ms. Ayala's "reminder" had no effect on Heldridge's treatment of her.

15. As evidenced by her merit increases and promotions, Ms. Ayala is qualified for and performs the requirements of her position. In fact, Heldridge's discriminatory attitude is completely unjustified. Ms. Ayala completed high school a year early. She has also managed a family-owned business, managed corporate collections, was an account administrator for large corporate entity, a customer service representative, and a bank teller. She has proved her skills and capabilities.

16. **Ms. Ayala is Disciplined Unjustifiably.** On a monthly basis, PayPal employees participate in an employee survey that PayPal's management calls "confidential." Ms. Ayala participated in the survey and in Fall 2013 Ms. Ayala stated in her survey that her supervisor, Heldridge, did not treat people fairly. Thereafter, PayPal informed Heldridge that she received a negative review from Ms. Ayala. Heldridge retaliated. Almost immediately, Heldridge issued Ms. Ayala three written disciplinary actions in the week of November 27, 2013. No supervisor at PayPal had ever disciplined Ms. Ayala before and did not agree with the basis for any of the three written disciplinary actions.

17. Ms. Ayala reported Heldridge's retaliatory actions to PayPal's HR Department. The unjustified discipline was distressing to Ms. Ayala. In fact, she was so distraught she requested a leave of absence. She sought medical assistance and was advised to enroll in an

4

outpatient therapy program and did so. When she returned, Ms. Ayala explained her absence to PayPal's Benefits Department:

> I am currently on a short term disability for depression and anxiety, due to actions by my boss. She said some very hurtful things to me, she said "What's taking you so long to read emails" I reminded her that I have ADHD, but she continued to verbally & emotionally "beat" me down, so much so I started having suicidal thoughts & almost acted on them. My doctor reffered me to partial hospitalization program, which I've been going to for about 3 weeks, M-F 9am - 3pm. I filed a complaint against my supervisor with HR because I feel my supervisor retaliated against me once she found out that I gave her negative feedback on our monthly survey. After she found out she wrote me up for 3 things in 1 week, and I've been w/ PayPal for 7 years & I've never been written up untill then. I feel I'm entitled to my health insurance benefits because if my boss would not have said what she did, I wouldn't be in this mental & emotional state. Because of this depression & suicidal thoughts it didn't even cross my mind that my insurance premiums were not being paid because sedgwick denied my short term disability claim

18. On April 8, 2014, Ms. Ayala dual-filed with the Omaha Human Rights Commission a charge of discrimination based on her disability and retaliation, which was filed with the United States Equal Employment Opportunity Commission ("EEOC"), Charge 32G-2014-00077. Ms. Ayala has exhausted the administrative prerequisites prior to filing the instant action. (Exhibit A to this Complaint is a true and correct copy of Ms. Ayala's Right to Sue Letter, which is incorporated by this reference.)

### COUNT I

**PAYPAL VIOLATED THE
AMERICANS WITH DISABILITIES ACT & NFEPA
BY DISCRIMINATING AGAINST MS. AYALA BASED ON DISABILITY**
Americans With Disabilities Act Of 1990
42 U.S.C. § 12101 et seq.
Neb. Rev. Stat. § 48-1104

19. Ms. Ayala incorporates by reference paragraphs 1-18, as if fully set forth.

20. Under the ADA, an individual is "disabled" if she satisfies one of three conditions:

> **[she] has a physical or mental impairment** that substantially limits one or more of her major life activities; (2**) has a record of such an impairment**; **or** (3) **is regarded by her employer as having such an impairment**.

42 U.S.C. § 12102(1).

21. A disabled individual must demonstrate impairment that "substantially limits" one or more major life activities. 42 U.S.C. § 12102(2). An individual is "substantially limited" if she or she is:

> Unable to perform a major life activity that the average person in the general population can perform; or (ii) Significantly restricted as to the condition, manner, or duration under which [he or she] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1). "Major life activities" include, but are not limited to,

> caring for oneself, performing manual tasks, * * * communicating, and working.

42 U.S.C.A. § 12102(2)(A).

22. In determining whether an individual's impairment substantially limits a major life activity, courts should consider the following factors:

> The nature and severity of the impairment, (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

23. PayPal's demeaning, disrespectful and harassing conduct, which was a regular component of Ms. Ayala's day-to-day work environment, was known to and accepted by PayPal management, has been and continues to be in direct contravention of 42 U.S.C. § 12101 et seq.; Neb. Rev. Stat. § 48-1101 *et seq* 42 U.S.C. § 2000e-2 and §48-1104.

24. Ms. Ayala was required to undergo outpatient treatment as a direct and proximate result of Heldridge's harsh and insulting treatment with respect to Ms. Ayala's disability. There is no legitimate basis justifying PayPal's harsh, oppressive and discriminatory treatment of Ms. Ayala simply because she suffers from ADHD and reported her supervisor's unjustifiable discipline.

WHEREFORE, Ms. Ayala requests judgment ordering an award of damages pursuant to 42 U.S.C. § 12102(1). and Neb. Rev. Stat. § 48-1119(4) based on PayPal's discriminatory terms and conditions of employment.

### REQUEST FOR RELIEF

Ms. Ayala requests judgment in her favor and awarding her the following:

1. Damages for Ms. Ayala's lost and future wages based on her discriminatory treatment;

2. Damages for Ms. Ayala's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

3. Damages for Ms. Ayala's out-of-pocket expenses for medical treatment;

4. Punitive damages for PayPal's continuing and knowing violation of federal discrimination laws;

5. Costs and attorney fees; as allowed by law, and

6. Such other and further relief as the Court deems appropriate.

**PLAINTIFF MAKES DEMAND FOR TRIAL BY JURY.**

DATE: February 1, 2016.

CHASSIDY A. ALAYA, Plaintiff,

By: s/ Terry A. White
Terry A. White, NE # 18282
**CARLSON & BURNETT LLP**
17525 Arbor Street
Omaha, NE 68130
Direct (402) 682-8006
Main (402) 934-5500
terry@carlsonburnett.com
*Attorney for Plaintiff*

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**     **EXHIBIT A**

## DISMISSAL AND NOTICE OF RIGHTS

To: Chassidy Ayala
19706 Laci St.
Omaha, NE 68135

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32G-2014-00077 | Marilyn S. Koshiway, Investigator | (405) 231-4359 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)     _Marilyn S. Koshiway_     Nov. 2, 2015
Holly . Waldron Cole,
Area Office Director     (Date Mailed)

cc: Jennifer Eagland
Director, Employment Counsel
eBay Inc.
935 First Ave.
King of Prussia, PA 19406